```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    SOUTHERN DIVISION

UNITED STATES OF AMERICA                           RESPONDENT

VS.                               CIVIL ACTION NO.  1:05cv502
                              CRIMINAL NO.  1:04cr26-DCB-JCS

RANDOLPH THOMAS                                     PETITIONER
```

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [**docket entry no. 33**] in criminal action 1:04cr26; Motion for Status [**docket entry no. 30**] in criminal action 1:04cr26; Motion for Judicial Notice [**docket entry no. 37**] in criminal action 1:04cr26; and Motion for Hearing [**docket entry no. 40**] in criminal action 1:04cr26. Having reviewed the Motions, the government's response, affidavits of petitioner's former counsel, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

### FACTUAL AND PROCEDURAL HISTORY

In March 2004, the petitioner, Randolph Thomas was indicted on one felony count of being a felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1). On May 4, 2004, the petitioner appeared in court with appointed counsel, John W. Weber, and pursuant to a written plea agreement, pled guilty to the one count indictment. The guilty plea was negotiated with the government, and

the terms of the agreement reached were memorialized by a Memorandum of Understanding ("MOU"). On March 7, 2005, the petitioner was sentenced to sixty (60) months imprisonment to be followed by three(3) years of supervised release.

## DISCUSSION

To obtain post-conviction relief under 28 U.S.C. § 2255, a petitioner attacking his conviction or sentence must prove by a preponderance of the evidence that his sentence was imposed in violation of the United States Constitution or laws, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

The United States Supreme Court has emphasized that a collateral challenge to a conviction or sentence should not serve as a substitute for a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); United States v. Shield, 937 F.2d 228, 231 (5th Cir. 1991). "After conviction and exhaustion or waiver of any right to appeal," the Court is "entitled to presume that [the defendant], stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (quoting Frady, 456 U.S. at 164).

## I. Jurisdictional Claim

The petitioner claims this Court lacked jurisdiction to accept his guilty plea because his civil rights, which were suspended as he was a convicted felon, were purportedly restored, thus entitling

him to possess a firearm. Memorandum of Facts and Law ("MEM"), at 4-5. It was admitted by the petitioner that on January 1, 2004, he knowingly possessed a firearm. Guilty Plea Hearing, at 15.

18 U.S.C. § 922(g)(1) makes it unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one(1) year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. The petitioner was convicted of crimes punishable by a term exceeding one(1) year prior to the petitioner's possession of a firearm affecting interstate commerce.

The petitioner claims this Court lacked jurisdiction because his civil rights were purportedly restored under Michigan law, thus entitling him to possess a firearm. Supplemental Proffer, at 5. Under the federal felon in possession statute, state law controls on whether a person has a conviction for purposes of determining whether subsequent possession of a gun is a federal crime. 18 U.S.C. § 922(g)(1). Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms. 18 U.S.C. § 921(a)(20).

The first clause of this sentence defines convictions, expungements, and restorations of civil rights by reference to the law of the convicting jurisdiction. <u>Carson v. United States</u>, 524 U.S. 308, 118 S.Ct. 2007 (1998).

Prior to the federal charges in March 2004, the petitioner had been convicted on or about December 28, 1988, in the 10th Judicial Circuit, Judicial District, State of Michigan, Case Number 88-0536-FH-4, of the crime of assault with intent to commit sexual penetration; on or about January 17, 1989, in the 10th Judicial Circuit, Judicial District, State of Michigan, Case Number 86-007306-FH-2, of the crime of breaking and entering an unoccupied dwelling with intent to commit larceny; and on or about December 8, 1993, in the 10th Judicial Circuit, Judicial District, State of Michigan, Case Number 93-007957-FH-4 of the crime of breaking and entering and habitual offender act 3rd offense, all of which are crimes punishable by imprisonment for a term exceeding one(1) year. Affidavit of Attorney John W. Weber III ("Weber Aff."), at 1.

The petitioner was convicted of three(3) crimes punishable by imprisonment exceeding one(1) year in the state of Michigan. Michigan law reads:

> A person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until the expiration of three(3) years after all of the following circumstances exist: (1) the person has paid all fines imposed for the violation, (2) the person has served all terms of imprisonment imposed for the violation, and (3) the person has successfully completed all conditions of

probation or parole imposed for the violation.

M.C.L.A. § 750.224f(2)(emphasis added).

The relevant criminal history in this matter is the petitioner's conviction of breaking and entering an unoccupied dwelling/habitual offender, third offense, Saginaw (MI) Circuit Court, docket #93-007957-FH-4. The petitioner was not discharged from his parole under Michigan state law until April 4, 2002. Presentence Investigation Report, at 8. The petitioner was indicted by a grand jury in the Southern District of Mississippi on March 3, 2004, for being a convicted felon in possession of a firearm on January 1, 2004, a violation of 18 U.S.C. § 922(g)(1). Presentence Investigation Report, at 3.

Since fewer than three(3) years had passed from the petitioner's release from parole in 2002 until his possessing a firearm in 2004, Michigan law would not have restored the petitioner's right to carry a firearm. Therefore, the lack of jurisdiction claim by the petitioner has no merit and this claim should be denied.

## II. Booker Claim

During sentencing, the Court found that the petitioner should be accorded a two(2) step enhancement for obstruction of justice. Sentencing Hearing ("Hearing"), at 27. U.S.S.G § 3C1.1, 18 U.S.C. states:

> if the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of

> justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to (I) the defendant's offense conviction and any relevant conduct; or (II) a closely related offense, increase the offense level by two(2) levels.

The enhancement was made based upon evidence submitted by the government that the petitioner had made threatening phone calls. "Hearing", at 27.

The petitioner claims that the Court violated <u>Booker</u> by considering facts neither admitted to by the petitioner nor found by a jury to be true in enhancing his sentence.

The government, through the Memorandum of Understanding ("MOU"), reserved "the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the defendant and his background. "MOU", at 1.

The government also contends that as part of the petitioner's plea agreement, the petitioner agreed to forego his right to collaterally attack his sentence. "MOU", at 5. The waiver of post-conviction relief provision was clearly set forth in the petitioner's plea agreement, which the petitioner and his counsel signed: "The defendant . . . expressly waives the right to contest the conviction and/or sentence or the manner in which the sentence was imposed in any post-conviction proceeding." "MOU", at 5. "The right to appellate relief under <u>Booker</u> is among the rights waived by the valid appeal waiver, even if the parties did not anticipate

6

the Blakely/Booker rulings." United States v. Fogg, 409 F.3d 1022 (8th Cir. 2005)(citing United States v. Killgo, 397 F.3d 628, 629 n.2 (8th Cir. 2005)(fact that [a defendant] did not anticipate the Booker ruling does not place the issue outside the scope of his waiver").

Thus, petitioner's waiver of rights is broad enough to cover issues arising from Booker. United States v. Rubbo, 396 F.3d 1330, 1334 (11th Cir. 2005); see also United States v. McKinney, 406 F.3d 744, 747 n.5 (5th Cir. 2005)("Blakely and Booker do not alter the plain meaning of appeal-waiver provisions in valid plea agreements"); United States v. Lockett, 406 F.3d 207, 213-14 (3rd Cir. 2005)(broad appeal waiver foreclosed Booker claim); United States v. Morgan, 406 F.3d 135, 137 (2nd Cir. 2005)("appeal waiver is enforceable and forecloses the right to appeal under Booker/Fanfan"); United States v. Green, 405 F.3d 1180, 1189 (10th Cir. 2005)("Booker arguments may fall within the scope of a defendant's waiver of his or her appellate rights"); United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005)("appeal waivers worded as broadly as this one are effective even if the law changes in favor of the defendant's after sentencing").

The petitioner claims that the waiver contained in the plea agreement should not be effective because it was not knowingly and voluntarily entered. Petitioner's Response to Government's Opposition to Motion to Vacate, Set Aside, or Correct Sentence

7

("Petitioner's Response"), at 6. The petitioner further claims there was no "negotiating" between the government and the petitioner's counsel. "Petitioner's Response", at 7.

The government contends that in the plea agreement which was entered with the advice of counsel, the petitioner voluntarily waived his right to seek post-conviction relief in this matter. "Gov't Response", at 2. As the agreement explicitly provides:

> The Defendant, knowing and understanding all of the facts set out herein, including the maximum possible penalty that could be imposed, and including his right to appeal the sentence imposed as provided in Section 3742, Title 18, United States Code, hereby expressly waives the right to appeal the conviction and/or sentence imposed in this case, or the manner in which that sentence was imposed on the grounds set forth in Section 3742, or on any ground whatsoever, and expressly waives the right to contest the conviction and/or sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code . . . defendant waives these rights in exchange for the recommendations and concessions made by the United States Attorney's Office in this plea agreement.

"MOU", at 5.

The following colloquy is taken from the Guilty Plea Hearing Transcript, page 11:

> [Court]: "This Memorandum of Understanding: Has it been signed by you?"
> [Petitioner]: "Yes, sir."
> [Court]: "You understand the terms of it?"
> [Petitioner]: "Yes, sir."
> [Court]: "You reviewed it with your counsel, Mr. Weber?"
> [Petitioner]: "Yes, sir."

During the RULE 11 colloquy the Court stated:

> [Court]: "All right. Before I accept your plea, let me review with you the indictment and what you're charged with. You did receive the indictment, did you not?"
> [Petitioner]: "Yes, sir."
> [Court]: "You understand that you're charged with being a felon in possession of a firearm?"
> [Petitioner]: "Yes, sir."
> [Court]: "Before you could be convicted–this is a violation of 18 U.S.C. § 922(g)(1). Before you could be convicted, there are several things that the government has to prove. Let me tell you what they are.
>     The government has to prove beyond a reasonable doubt that you possessed a firearm as charged in the indictment. The term "firearm" means a weapon that is designed or may be converted to expel a projectile by the action of an explosive which is contained in the bullet, usually. Not always.
>     Secondly, that you possessed a firearm at a time when you had been convicted in a court of competent jurisdiction of a crime punishable by imprisonment for a term in excess of one year. That makes it a felony offense. In other words, before you could be convicted of this crime, it has to be proved to the jury that you had been previously convicted of a felony offense.
>     And thirdly, the government has to prove that the firearm was in United States commerce. In other words, by that I mean that before you possessed it, it had traveled from one state to another.
>     Now, those are the elements that the government must prove. I ask you again, Mr. Thomas: Do you understand what you are charged with?"
> [Petitioner]: "Yes, sir."
> [Court]: "All right. Has anyone forced you or threatened you to come before the court, Mr. Thomas, to enter this plea or do you do so voluntarily?"
> [Petitioner]: "No, sir, nobody threatened me."
> [Court]: "Do you come before the court voluntarily?"
> [Petitioner]: "Yes, sir.

Following the RULE 11 exchange, the petitioner assured the Court that he understood the charge and what the government would have to prove to secure his conviction at trial. Id. The statements of a defendant in open court are presumed to be true. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987); Downs-Morgan v. United States, 765 F.2d 1534, 1541 n.14 (11th Cir. 1985). Because a defendant's statements concerning plea consequences at the time of the plea are considered "persuasive evidence," they are not overcome by the defendant's bald assertion of misunderstanding. Harvey v. United States, 850 F.2d 388, 396 (8th Cir. 1988).

The petitioner also contends that the Court improperly told him that he could not withdraw his plea once it had been accepted. Supplemental Proffer of Petitioner ("Supplemental Proffer"), at 4. The Court stated:

> [Court]: "All right, sir. If I do accept your plea this afternoon, Mr. Thomas, you'll be bound by it. You won't be allowed to withdraw it at some future time. Do you understand that?
> [Petitioner]: "Yes, sir."

"Guilty Plea", at 10. The petitioner claims the Court committed plain error due to the Court not orally informing the petitioner during the guilty plea hearing of the petitioner's rights under RULE 11(d)(2)(b) Fed.R.Crim.P. 11(d)(2)(b) reads: "a defendant may withdraw a plea of guilty (2) after the court accepts the plea but before it imposes sentence if:(b)the defendant can show a fair and just reason for requesting the withdrawal.

The Court stated to the petitioner it would not allow him to withdraw his plea at a later time. This statement reflects the general rule. The Court did not indicate that it would be impossible or that under no circumstances would the petitioner be allowed to withdraw his plea. Furthermore, the petitioner has not claimed that he would have revoked his plea agreement in the absence of this comment by the Court. Therefore, the petitioner cannot claim he was injured by the statement. The Court informed the petitioner of the consequences of the guilty plea agreement and the waivers it contained. "Guilty Plea", at 11.

"Where a signed, written plea agreement . . . is specifically referred to during a RULE 11 colloquy, the core principle that the defendant be aware of the consequences of his plea has been complied with . . . and the defendant's substantial rights were not violated." United States v. Jones, 143, F.3d 1417, 1420 (11th Cir. 1998). After "advising [petitioner] of his rights, being satisfied that [petitioner] was represented by competent counsel and having effectively waived those rights," the Court accepted the guilty plea of the petitioner. "Guilty Plea Hearing", at 15. The record supports the Court's findings. Thus, the waiver in the plea agreement should be controlling.

### III. Ineffective Assistance

The petitioner also claims his attorney's deficient performance deprived him of fair and impartial trial court

11

proceedings, rendering the entire process constitutionally inadequate. "Supplemental Proffer", at 11.

To establish a prima facie claim of ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Id., at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694.

The petitioner's specific claim against his attorney is that the petitioner's attorney "neglected to ask the trial court to review the terms of the plea agreement in open court." Supplemental Proffer, at 13. The waiver agreed to by the petitioner includes "claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000); United States v. Wilkes, 20 F.3d 651, 653-54 (5th Cir. 1994)(rejecting petitioner's ineffective assistance claim because he waived his right to challenge his conviction through his plea agreement). The Court asked in open court whether the petitioner understood the terms of the guilty plea agreement. Guilty Plea Hearing, at 11. The petitioner orally acknowledged his

understanding throughout the guilty plea hearing. Guilty Plea Hearing Transcript.

Thus, the Court finds that the alleged ineffectiveness of petitioner's counsel did not affect the voluntariness of his plea. All other claims of ineffectiveness, therefore, were waived by his plea agreement. The petitioner's allegations do not meet the standard to warrant habeas relief, and, therefore, the petitioner's motion should be denied.

**IV. Breach of Plea Agreement**

In addition to claiming that the Court violated Booker by considering the charges of obstruction in enhancing his sentence, the petitioner claims that the government violated the plea agreement by urging that the Court allow the enhancement. The petitioner claims the government breached the "MOU", Paragraph No. 11, which reads:

> It is further understood that no information given by the defendant subsequent to and in response to this Memorandum of Understanding will be used against the defendant in any criminal case, except as described in Paragraph No. 2, and except in a prosecution for perjury, and except if the defendant violates any provision of this Memorandum, particularly Paragraph No. 9, in which event it is specifically understood and agreed that all information given by the defendant, or derivatives thereof, shall be admissible in any proceedings against the defendant, including sentencing.

The "MOU" reads further, in Paragraph No. 2:

> The United States reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the defendant and his

>background. It is further understood that the government
>reserves the right to speak at sentencing and in response
>to any possible misstatements by defendant or his counsel
>regarding either the factual basis for the plea or in
>mitigation of sentence.

According to the language of the "MOU", the government reserved the right to provide any information to the Court which would be pertinent to the petitioner's sentence. Urging the obstruction enhancement falls within this language. Therefore, there was no violation of the express terms of the agreement.

The petitioner also claims the government did not take him up on the offer of assistance so the petitioner might receive a reduction in his sentence. The "MOU", at 4, reads:

>In either case, the defendant understands that the
>determination as to whether he has provided "substantial
>assistance" to warrant a motion for downward departure or
>a RULE 35 motion is in the sole discretion of the
>Government.

Again, the government "reserve[d] the right" to consider the defendant's cooperation. There is no language in the "MOU" that obligates the government to seek out or accept any cooperation from the petitioner, and no breach of the plea agreement exists under either claim by the petitioner.

## V. Judicial Notice of Adjudicative Facts

The petitioner requests that this Court hold an evidentiary hearing pursuant to subdivision (e) of Fed.R.Crim.P. 201, which states:

>A party is entitled upon timely request to an
>opportunity to be heard as to the propriety of taking

14

> judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

The petitioner took an active part in the guilty plea hearing where the petitioner admitted guilt and full understanding of the agreement entered into by him. Guilty Plea Hearing, at 15. The defendant fully understood the government's burden, and he admitted his guilt. Guilty Plea Hearing, at 15. The petitioner voluntarily entered the plea agreement. Guilty Plea Hearing, at 8. Therefore, there is no need to hold an evidentiary hearing, and the petitioner's request shall be denied.

The Court also declines the petitioner's request to take "judicial notice" of his bald assertion that he was "tricked" into pleading guilty by his counsel and the prosecutor. Having found that the defendant voluntarily entered the plea agreement as well as the guilty plea, there is no need for an evidentiary hearing and, therefore, the petitioner's request for an evidentiary hearing [docket entry no. 40] and judicial notice [docket entry no. 37] should be denied. This order disposes of all pending motions; therefore the motion for status [docket entry no. 30] is moot.

## CONCLUSION

For the foregoing reasons, the petitioner's Motion to Vacate, Set Aside, or Correct his Sentence is not well-taken and should be **DENIED.** Accordingly,

IT IS HEREBY ORDERED that petitioner Randolph Thomas', A.K.A.

15

Randolph McCree, Motion to Vacate under 28 U.S.C. § 2255 [**docket entry no.33**] in criminal action 1:04cr26; and Motion for Judicial Notice [**docket entry no. 37**] in criminal action 1:04cr26 are **DENIED**.

The petitioner's Motion for Status [**docket entry no. 30**] and Motion for Hearing [**docket entry no. 40**] are **MOOT**.

A separate final judgment will be entered herein in accordance with this Order and as required by RULE 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the   30th   day of    June   , 2006.


                                           s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE